UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JACK A. WILSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 12-68-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CARROLL COUNTY, | ) | **&** |
| | ) | **ORDER** |
| CARROLL COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| MICHAEL HUMPHREY, Individually, | ) | |
| and in his Official Capacity as Carroll | ) | |
| County Jailer, | ) | |
| | ) | |
| KENTUCKY STATE POLICE, | ) | |
| | ) | |
| JENNIFER JOHNSON, Individually, and | ) | |
| in her Official Capacity as Kentucky | ) | |
| State Police Trooper, | ) | |
| | ) | |
| UNNAMED CARROLL COUNTY | ) | |
| DETENTION CENTER MEDICAL | ) | |
| DIRECTOR, and | ) | |
| | ) | |
| TANYA ABNEY, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Dismiss filed by Defendants the

Kentucky State Police (KSP) and Jennifer Johnson, Kentucky State Police Trooper, in

both her official and individual capacities. [R. 15.]  For the reasons stated below,

Kentucky State Police's Motion will be GRANTED and Johnson's Motion will be GRANTED in part and DENIED in part.

# I

## A

Plaintiff Jack Wilson was driving his truck on October 7, 2011 when Defendant Jennifer Johnson, Kentucky State Police Trooper, noticed that Wilson was driving erratically. [R. 1 at 3.] Johnson engaged in a traffic stop of Wilson and noticed that he was confused and disoriented. [*Id*.] He also displayed "facial tremors," "constricted pupils," "drymouth," and "droopy eyelids." [*Id*. at 4.] Johnson believed these were manifestations of being under the influence of some substance. [*Id*.] She responded by arresting him, giving him a breathalyzer test, transporting him to the hospital for additional tests, and finally releasing him to the custody of the Carroll County Detention Center. [*Id*.] Johnson was housed in the detention center for eight days before being released.

According to the Complaint, Wilson eventually found out that he had suffered a stroke near the time Johnson stopped him. [*Id*. at 3-4.] Consequently, the nine charges that were brought against Wilson due to this incident were dismissed. [*Id*. at 4.] Just before the one-year anniversary of Wilson's release by Carroll County, he filed this lawsuit asserting state tort claims and violations of his federal civil rights against various defendants.

## B

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v.*

2

*Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). While reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *Id*. (citation omitted). Such a motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Id.* (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Moreover, the facts that are pled must rise to the level of plausibility, not just possibility: "facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II

The KSP rests its Motion to Dismiss Wilson's federal claims on Eleventh Amendment Immunity. Federal claims against Johnson in her official capacity are also due that protection. State claims against the KSP and Johnson in her official capacity, it is argued, should be dismissed because of governmental immunity. Finally, Johnson contends that she was not on notice that causes of action under federal or state law were asserted against her in her individual capacity.

3

**A**

Any claims brought against Johnson in her official capacity are functionally equivalent to claims against the KSP: "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). This is because a plaintiff seeking to "recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id*. Thus, the KSP is the true defendant and Wilson's federal claims against Johnson in her official capacity are dismissed.

While "§ 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits." *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 66 (1989). Because KSP is a subdivision of the state, it is protected by the Eleventh Amendment. *Walker v. Kentucky*, 2009 WL 1374260, at *8 (E.D. Ky. May 15, 2009) (citing *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30 (1994)); *McCrystal v. Moore*, 2009 WL 192770, at *1-2 (E.D. Ky. Jan. 23, 2009); *see also Belk v. Hubbard,* 2009 WL 3839477, at *4 (E.D. Tenn. Nov. 16, 2009) (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267-68 (1981) (dismissing punitive damages claims against a state brought under federal law). Federal claims against the KSP are also dismissed.

**B**

State law official capacity claims against Johnson meet the same demise. These are functionally equivalent to charges against the KSP. *Alkire*,330 F.3d at 810 ((citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

4

As to the state charges against KSP, precedent is clear that KSP is an agency charged with enforcing criminal laws and is a part of Kentucky's Executive Branch. *Carter v. Porter*, 617 F. Supp. 2d 514, 518 (E.D. Ky. 2008). It is, therefore, an agency that performs a governmental function and is protected by sovereign (or governmental) immunity. *Id*.

## C

Claims against public officials in their official and individual capacities are distinct. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc). To sue public officials in their individual capacities requires plaintiffs to "'set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials.'" *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 367 (6th Cir. 2008) (quoting *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)). When the clarity of the pleading is contested, the Sixth Circuit instructs that the "course of proceedings" test should guide that inquiry. *See Moore*, 272 F.3d at 772-74. This test weighs the following factors: "the nature of plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity." *Id*. at 772 n.1. Notice can also be given through subsequent filings, but timing of those filings must be considered "to determine whether the parties are still in the early stages of litigation." *Id*. "This ensures . . . fairness to defendants." *Id*.

The final issue pending before the Court is whether Johnson in her individual capacity is a party to this suit. This is an issue because of the way the Complaint was drafted—clearly evincing an intent in the case heading to sue Carroll County Jailer

5

Michael Humphrey in both his individual and official capacities but only identifying Johnson as "Kentucky State Police Trooper J. Johnson." [R. 1 at 1.] In spite of the careless drafting, the application of the aforementioned factors to the facts of this case supports a finding that Johnson in her individual capacity is a party to this suit.

Standing in opposition to finding that Johnson may be individually liable is the heading of the Complaint and the claim that the parties "acted under color of state law." [R. 1 at 3.] Furthermore, the Complaint does not explicitly mention Johnson being sued in her individual capacity. "Individual" is used throughout the Complaint, but the context surrounding each use supports reading that as a descriptor of a single person doing an act as opposed to a group of people acting together. [*E.g.*, *Id*. at 3 ("The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized, or approved the conduct described.").]

But the Complaint also sought punitive damages—both under Count One [*Id*. at 5] and as a general demand. [*Id*. at 7.] Punitive damages, of course, are indicative of individual capacity claims; but that alone is not determinative in Wilson's favor. *See Beil*, 282 F. App'x at 367 (citing *Shepherd*, 313 F.3d at 969). Nor is it the only indication Wilson provides. He describes Johnson's involvement in the traffic stop, Wilson's physical condition, and his transportation to the detention center. [R. 1 at 4.] Below the specific description of Johnson's involvement, Wilson asserts a claim for deliberate indifference to serious medical needs. Other courts have held that claims of unconstitutional conduct clearly attributed to one individual, especially when no mention is made of that party acting pursuant to official policy, put that party on notice that individual liability is desired. *Belk v. Hubbard*, 2009 WL 3839477, at *3 (E.D. Tenn.

6

Nov. 16, 2009) (quoting *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991)). Additionally, Wilson references the qualified immunity standard—"No reasonable official could have believed his or her actions toward Plaintiff were lawful in light of clearly established law."—in his description of the foundation for Count One. [R. 1 at 5.]

*Moore*'s final point about notice is also important: subsequent filings can notify a defendant, but the timing of those filings must be carefully examined to avoid prejudice. *Moore*, 272 F.3d at 772 n.1.  Wilson's Response to Johnson's Motion to Dismiss could not be clearer in stating that individual liability is sought. [R. 6 at 2-3.]  The Response was filed less than two months after the Complaint and well before activity in the case began in earnest.  Thus, any prejudice to Johnson is negligible.  The foregoing discussion leads the Court to hold that Johnson was on notice and the claims against her in her individual capacity may persist.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)     The Kentucky State Police's Motion to Dismiss [R. 3] is **GRANTED** with respect to federal claims;

(2)     Johnson's Motion to Dismiss [R. 3] is **GRANTED** with respect to federal claims against her in her Official Capacity;

(3)     The Kentucky State Police's Motion to Dismiss [R. 3] is **GRANTED** with respect to state claims;

(4)     Johnson's Motion to Dismiss [R. 3] is **GRANTED** with respect to state claims against her in her Official Capacity;

7

   (5) Johnson's Motion to Dismiss [R. 3] is **DENIED** with respect to federal and state claims against her in her Individual Capacity.

  This 31st of May, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge